UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID GAMBOA, Individually and for Others Similarly Situated, | Civil Action No. 5:21-cv-00387 |
| *Plaintiff,* | |
| v. | JURY TRIAL DEMANDED |
| XTO ENERGY, INC. | |
| *Defendant.* | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE COMPLAINT

1.      Plaintiff David Gamboa brings this action individually and on behalf of all current and former Inspectors (hereinafter "Plaintiff and the Putative Class Members") who worked for XTO Energy, Inc. ("XTO") and were paid a day rate seeking all available relief, including back wages, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2.      Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b).

3.      The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### OVERVIEW

4.      This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, to recover overtime wages.

5.      Plaintiff and the Putative Class Members are those current and former Inspectors who worked for XTO, anywhere in the United States, at any time during the past three years through

the final disposition of this matter, and were paid a day rate for each day (and all hours) worked, but did not receive overtime for all hours worked over forty (40) in each workweek.

6.      XTO misclassified Plaintiff and the Putative Class Members as independent contractors.

7.      Although Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

8.      The decision by XTO not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

9.      XTO knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

10.     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

11.     Specifically, Plaintiff and the Putative Class Members did not (and currently do not) earn a salary thereby nullifying any "salary-based" exemption.[1]

12.     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

---

[1] *See Hewitt v. Helix Energy Sols. Grp., Inc.*, No. 19-20023, 2020 WL 1915124 (5th Cir. Apr. 20, 2020); *Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183 (6th Cir. 2017).

13.     Plaintiff prays that all similarly situated Inspectors (be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## THE PARTIES

14.     Plaintiff David Gamboa worked for XTO within the relevant time period.

15.     Plaintiff Gamboa did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

16.     The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All current and former inspectors who worked for XTO ENERGY, INC., during the past 3 years who were paid a day rate without overtime. (the "Putative Class Members").**

17.     XTO is a corporation doing business throughout the United States. XTO may be served by serving its registered agent for service of process: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION & VENUE

18.     This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

19.     For at least the past three years, XTO has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20.     This Court has specific personal jurisdiction over XTO because the cause of action arose within this District as a direct result of XTO's conduct within this District.

---

[2] The written consent of David Gamboa is attached hereto as Exhibit A.

21.     Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22.     Specifically, XTO has maintained a working presence throughout Texas (and the United States), and Plaintiff Gamboa worked in and around Cayanosa, Texas throughout his employment with XTO, which is in this District and Division.

## ADDITIONAL FACTS

23.     XTO is an international natural gas and oil producer operating throughout five divisions in the United States, Western Canada, and South America."[3]

24.     Those divisions include the Permian Division, Delaware Division, Mid-Continent Division, the Canada Division, and the Argentina Division.

25.     The Permian Division operates in New Mexico and Texas.

26.     XTO operates (and has operated) numerous well sites in Texas.

27.     As part of its oil and gas production operations, XTO employed numerous Inspectors to participate in various operations at its natural gas plants, pipelines and related facilities.

28.     XTO paid its Inspectors a day rate only and no overtime—including Plaintiff and the individuals that make up the putative class.

29.     While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

30.     Plaintiff Gamboa worked for XTO as an Inspector in Texas from approximately January 2019 through May 2020.

31.     XTO paid Plaintiff and the Putative Class Members a day rate for each day worked.

---

[3] http://www.xtoenergy.com/en-us/operations/operating-areas.

32.     That is, Plaintiff and the Putative Class Members did not get paid if they did not work.

33.     Based on the schedules set by XTO, Plaintiff and the Putative Class Members worked over forty (40) hours nearly every workweek they performed services for XTO.

34.     Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are not exempt from overtime, XTO did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

35.     Plaintiff and the Putative Class Members' primary job duties included enforcing XTO inspection standards, policies and procedures at XTO's gas facilities and well sites.

36.     Upon information and belief, Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans and standards created by XTO.

37.     Upon further information and belief, Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by XTO.

38.     Virtually every job function was pre-determined by XTO, including Plaintiff and the Putative Class Members' schedule of work and related work duties. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

39.     Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine in nature.

40.     Indeed, Plaintiff and the Putative Class Members are blue-collar workers.

41.     They rely on their hands, physical skills, training and energy to perform manual and routine labor in the oilfield.

- 5 -

42. XTO determined the hours Plaintiff and the Putative Class Members worked.

43. XTO set Plaintiff and the Putative Class Members' pay and controlled the number of days and hours they worked.

44. XTO set all employment-related policies applicable to Plaintiff and the Putative Class Members.

45. XTO maintained control over pricing and marketing. XTO also chose equipment and product suppliers.

46. XTO owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

47. XTO had the power to hire and fire Plaintiff and the Putative Class Members.

48. XTO made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members a day rate with no overtime pay.

49. XTO provided tools and equipment that Plaintiff and the Putative Class Members used.

50. Plaintiff and the Putative Class Members did not employ their own workers.

51. Plaintiff and the Putative Class Members worked continuously for XTO on a permanent full-time basis.

52. XTO, instead of Plaintiff and the Putative Class Members, made the large capital investments in leases, buildings, equipment, tools, and supplies.

53. Plaintiff and the Putative Class Members relied on XTO for their work.

54. Plaintiff and the Putative Class Members did not market any business or services of their own.

55.     Instead, Plaintiff and the Putative Class Members worked the hours assigned by XTO, performed duties assigned by XTO, worked on projects assigned by XTO, and worked for the benefit of XTO and its customers.

56.     XTO paid Plaintiff and the Putative Class Members on a weekly basis based on the number of days that they worked.

57.     Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own.

58.     Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of days they were allowed to work, which was controlled by XTO.

59.     XTO improperly classified Plaintiff and the Putative Class Members as independent contractors.

60.     The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves.

61.     Instead, they were economically dependent upon XTO for their work.

62.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

63.     XTO denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

64.     Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

65.     XTO applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Class Members were XTO's ___**non-exempt**___ employees, and not independent contractors.

66.     Accordingly, XTO's pay policies and practices blatantly violated (and continue to violate) the FLSA.

67.     To continue operating, XTO relies on inspectors.

68.     While exact job titles and job duties may differ, these inspectors are subjected to the same or similar illegal pay practices for similar work.

69.     Gamboa was not guaranteed a salary.

70.     XTO cannot demonstrate that Gamboa was paid on a salary basis in accordance with the FLSA.

71.     XTO cannot demonstrate that Gamboa was not its employee for purposes of the FLSA.

## FLSA VIOLATIONS

72.     All previous paragraphs are incorporated as though fully set forth herein.

73.     At all times hereinafter mentioned, XTO has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

74.     At all times hereinafter mentioned, XTO has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

75.     At all times hereinafter mentioned, XTO has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $1,000,000.00 (exclusive of excise taxes at the retail level which are separately stated).

76.     During the respective periods of Plaintiff and the Putative Class Members' employment by XTO, these individuals provided services for XTO that involved interstate commerce for purposes of the FLSA.

77.     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

78.     Specifically, Plaintiff and the Putative Class Members are (or were) non-exempt employees who worked for XTO and were engaged in oilfield services that were directly essential to the production of goods for XTO and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

79.     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

80.     In violating the FLSA, XTO acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

81.     The proposed collective of similarly situated employees, i.e. putative class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 16.

82.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of XTO.

83.     XTO violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours

without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

84.     Plaintiff and the Putative Class Members have suffered damages and continue to suffer damages as a result of XTO's acts or omissions as described herein; though XTO is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

85.     Moreover, XTO knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

86.     XTO knew or should have known its pay practices were in violation of the FLSA.

87.     XTO is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

88.     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated employees who trusted XTO to pay overtime in accordance with the law.

89.     The decision and practice by XTO to not pay overtime was neither reasonable nor in good faith.

90.     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

91.     All previous paragraphs are incorporated as though fully set forth herein.

92.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

93.     Other similarly situated employees have been victimized by XTO's patterns, practices, and policies, which are in willful violation of the FLSA.

94.     The Putative Class Members are defined in Paragraph 16.

95.     XTO's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual Putative Class Members.

96.     Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

97.     The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

98.     All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

99.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

100.    Indeed, the Putative Class Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

101.    XTO has employed a substantial number of similarly situated Inspectors across the United States since April 2017.

102.    Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States.

103.    Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

104.    Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and XTO will retain the proceeds of its rampant violations.

105.    Moreover, individual litigation would be unduly burdensome to the judicial system.

106.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

107.    Accordingly, the FLSA collective of similarly situated Plaintiff should be certified as defined as in Paragraph 16 and notice should be promptly sent. At all times hereinafter mentioned, XTO has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## RELIEF SOUGHT

108.    Plaintiff respectfully prays for judgment against XTO as follows:

   a.   For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, conditionally certifying a class and requiring XTO to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

   b.   For an Order approving the form and content of a notice to be sent to all potential Putative Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c.   For an Order pursuant to Section 16(b) of the FLSA finding XTO liable for unpaid back wages due to Plaintiff (and those Putative Class Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those Putative Class Members who have joined in the suit);

   d.   For an Order awarding the costs and expenses of this action;

   e.   For an Order awarding attorneys' fees;

   f.   For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

Respectfully submitted,

*/s/ Michael A. Josephson*
**Michael A. Josephson**
State Bar No. 24014780
**Andrew Dunlap**
State Bar No. 24078444
**William R. Liles**
State Bar No. 24083395
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, TX  77046
Tel.: 713-352-1100
Fax: 713-352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
wliles@mybackwages.com

AND

**Clif Alexander**
State Bar No. 24064805
**ANDERSON ALEXANDER PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
clif@a2xlaw.com

AND

**Richard J. (Rex) Burch**
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C**
11 Greenway Plaza, Suite 3025
Houston, TX  77046
Tel.: 713-877-8788
Fax: 713-844-8065
rburch@brucknerburch.com

***Attorneys for Plaintiff and the Putative Class Members***